UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**SANDRA BRAVO,**

    *Plaintiff*,

v.                                                                                          Case No. 5:22-CV-1186-JKP

**FRANK KENDALL, SECRETARY,
DEPARTMENT OF THE AIR FORCE,**

    *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court are multiple motions: (1) *Defendant's Motion for Summary Judgment* (ECF No. 22); (2) *Plaintiff's Requests of Service and Notice of Court Filings* (ECF No. 27); (3) *Plaintiff's Motion for Summary Judgment, Motion to Set Aside Judgment Granted in Defendant's Motion to Dismiss and Plaintiff's Motion for Default Judgment* (ECF No. 32); (4) *Plaintiff's Motion to Dismiss Motion Granted in Favor of the Defendant and Plaintiff's Motion to Set Aside Deadline for Motion for Summary Judgment due to Clerical Error* (ECF No. 35) (hereinafter referred to as "Motion for Reconsideration"); and (5) *Plaintiff's Motion for Leave to Amend Complaint* (ECF No. 39). Each of these motions, except for ECF No. 27, prompted additional briefing. *See* ECF Nos. 24, 29, 30, 34, 36, 37, 38, and 40. Before delving into these various motions, a brief overview of the Court's May 12, 2023 order will provide needed context.

### I. BACKGROUND

In an order dated May 12, 2023, the Court addressed three unopposed motions. *See* ECF No. 21. It denied Plaintiff's motion to reconsider the Court's order (ECF No. 17) granting Defendant an extension of time to answer or otherwise respond to her complaint. It thus found that Defendant had timely responded to Plaintiff's complaint on April 17, 2023, when he filed the

then pending motion to dismiss. Given that timely response to the complaint, the Court denied Plaintiff's motions for default and for default judgment.

As to the motion to dismiss (ECF No. 20), the Court agreed that the Rehabilitation Act ("RA") is the only appropriate authority through which Plaintiff may pursue her disability claims. It therefore granted the motion to dismiss to the extent Defendant sought to dismiss all non-RA claims. But it denied the motion as to claims under the RA because it viewed the claims better suited to consideration through the summary judgment process given Defendant's arguments, including that Plaintiff had failed to exhaust some RA claims and had failed to show a disability that provides coverage under the RA.

In light of these rulings, the Court exempted this case from the scheduling order requirement, exempted the parties from the conference requirement of Fed. R. Civ. P. 26(f), and, as to Plaintiff's RA claims, set a summary judgment briefing schedule. It set a deadline of June 12, 2023, for any motion for summary judgment pursuant to Fed. R. Civ. P. 56(a).

Defendant timely moved for summary judgment. *See* ECF No. 22. A Certificate of Service (ECF No. 23) states that Defendant served a copy of its motion on Plaintiff by certified mail. Despite a fourteen-day period for responding, *see* W.D. Tex. Civ. R. 7(d), Plaintiff filed no response until August 10, 2023, *see* ECF No. 24. In this response, she (1) moves for summary judgment; (2) opposes Defendant's motion for summary judgment; (3) seeks reconsideration of the dismissal of non-RA claims; (4) states that her receipt of the Defendant's motion on July 21, 2013, (presumably 2023), was the first notice she received of the dismissal; (5) claims that she elected not to receive matters electronically and thus had no notice of the dismissal; and (6) in her concluding paragraph she states that the Court should grant summary judgment in her favor. *See id*. at 1, 16, 21.

Plaintiff neither makes any attempt to explain why she did not respond to Defendant's

2

summary judgment motion within fourteen days nor indicates that she had not received the Court's summary judgment briefing order. *See*, *generally*, *id*. An internal and automatic docketing function of the Court indicates that the May 12, 2023 order was electronically mailed to Defendant and "delivered by other means" to the pro se Plaintiff. For a pro se plaintiff, "other means" indicates that it was mailed to the litigant at the address on the docket. Despite that internal indication that the order was mailed to Plaintiff, she thereafter stated that she "has not received notice of orders other than when their existence has been identified in their respective pleadings." *See* ECF No. 27 (Plaintiff's Requests for Service and Notice of Court Filings filed on August 17, 2023).

Defendant thereafter timely filed a reply (ECF No. 29) regarding its motion for summary judgment. Plaintiff filed a response to that reply on September 11, 2023. *See* ECF No. 30. A month later, Plaintiff filed her own motion for summary judgment, *see* ECF No. 32, which prompted a response (ECF No. 34) from Defendant on October 24, 2023, and a reply (ECF No. 38) from Plaintiff on December 11, 2023. In the interim, on November 14, 2023, Plaintiff filed another motion (ECF No. 35) and a brief (ECF No. 36). Defendant responded to the motion. *See* ECF No. 37. And finally, Plaintiff moved to amend her complaint on January 29, 2024, *see* ECF No. 39, which prompted a response (ECF No. 40) from Defendant.

All of these motions are now ripe for ruling and all filings are ready for consideration. The Court will first address the miscellaneous type motions before addressing the motions for summary judgment.

## II. REQUEST FOR SERVICE AND NOTICE OF COURT FILINGS

On August 17, 2023, Plaintiff filed her Requests for Service and Notice of Court Filings (ECF No. 27), which has been docketed as a motion. This one-page filing prompted no response from Defendant and merely requests that "the clerk serve and give notice of orders, judgments,

and other filings by conventional mail, and to be excluded from e-mail noticing." She therein explains that she submits her filings through the United States mail and does not have access to the Court's filing system. This filing has some importance given that, as noted previously, Plaintiff contends that she had "not received notice of orders other than when their existence has been identified by the Defendant in their respective pleadings." She wants to opt out of e-mail noticing.

The Court is uncertain as to what may have caused the failure of Plaintiff to receive court orders. To the Court's knowledge, Plaintiff has not been an email recipient of any order of the Court. The normal practice of the Court is to mail pro se litigants any order of the Court unless the party has been specifically approved to participate in the efiling system. Of course, sometimes the Court may utilize certified mail, *see* ECF No. 7 (indicating certified mail receipt), and other times, the Court may specifically direct that an order be mailed to a pro se litigant, *see* ECF No. 17 (order with such direction), and in those instances, the clerk may make a special note on the docket as to mailing. But such notations are the exception rather than the rule, and certainly do not indicate a lack of mailing when a party is not part of the efiling framework.

In any event, the Court will accept Plaintiff's position that she was not receiving court orders through the mail. While it seems unnecessary in light of the standard procedures of the Court, it will direct the Clerk of Court to mail all future court orders to Plaintiff. The Court otherwise denies the motion/request (ECF No. 27).

### III. MOTION FOR RECONSIDERATION

With her November 14, 2023 filing (ECF No. 35), Plaintiff attempts to do a lot. First, she asserts that she was first made aware of the Court's dismissal of certain claims when she received the Defendant's motion for summary judgment on July 21, 2023. She then explains that in her response to the Defendant's motion on August 3, 2023, she requested reinstatement of the

dismissed portions of her complaint because she had provided material facts, exhibits, and audio files to support her claims when she moved to proceed in forma pauperis in this case on October 31, 2022. She contends that Defendant acted "in bad faith" by asserting that "there were no genuine issues of material fact when they filed a motion to dismiss." She asks the Court to "retract the motion to dismiss granted in favor of the Defendant." She asks the Court to reconsider the dismissal of non-RA related claims. She contends that she did not receive the May 12, 2023 order of the Court until she spoke with clerk's office staff and had the order mailed to her on August 25, 2023. She also asks the Court to accept her untimely motion for summary judgment because she submitted it within thirty days from receiving notice of the court order. She explains that her initial motion for summary judgment was returned as deficient because exhibits were copied front and back, so she resubmitted the motion on October 10, 2023.

Defendant construes the filing as a motion for reconsideration and requests that the Court deny the motion as untimely based on a deadline applicable to motions filed pursuant to Fed. R. Civ. P. 59(e). However, "that rule does not become applicable until after entry of a judgment." *United States v. 89.9270303 Bitcoins*, No. SA-18-CV-0998-JKP, 2021 WL 5203337, at *1 (W.D. Tex. Nov. 8, 2021). Instead, "Rule 54(b) applies when a party seeks reconsideration of an interlocutory order." *Id*. (citing *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018); *Austin v. Kroger Tex., LP*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam)). Defendant's untimeliness argument provides no basis to deny reconsideration even though that is the proper construction of Plaintiff's filing.

Applying "the more flexible Rule 54(b) standard for reconsideration," the Court finds that Plaintiff has provided no basis to reconsider the prior dismissal of non-RA claims. *See id*. at *1-2 (setting out the Rule 54(b) standard). The Court properly dismissed Plaintiff's non-RA claims because the RA "constitutes the exclusive remedy for a federal employee alleging disabil-

5

ity-based discrimination." *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir. 2008) (per curiam). That Plaintiff provided facts, exhibits, and audio files to support her claims does not change the exclusiveness of the RA remedy. In reply, she contends that she seeks reconsideration of the prior dismissal because Defendant falsely reported that there were no genuine issues of material fact. *See* ECF No. 38 at 1. It is immaterial whether Defendant made that contention in its motion to dismiss, the Court dismissed the non-RA claims because the RA is the exclusive remedy. It set a summary judgment briefing schedule to address any contention that the RA claims fail. Summary judgment is the means to determine whether there is any genuine dispute of material fact. Plaintiff has presented no basis for the Court to find that the RA does not provide the exclusive remedy for this case. Accordingly, the Court denies her motion for reconsideration as to the prior dismissal of non-RA claims.

Plaintiff also appears to seek reconsideration of the rejection of her attempted September 26, 2023 filing of a motion for summary judgment. The Clerk's office did not accept the filing because the submission was "copied front and back." *See* ECF No. 32-1. Plaintiff disagrees that her submission was rejected, but the docket clearly reflects that her motion for summary judgment was not docketed until October 11, 2023. Regardless, because the Clerk's office accepted a resubmitted motion for summary judgment on October 11, 2023, the Court finds any attempt to reconsider the initial declination of acceptance moot.

To the extent that Plaintiff seeks other relief from this filing (ECF No. 35), the Court denies it. If necessary, it will consider this filing later as it pertains to the timeliness of her motion for summary judgment.

## IV. MOTION TO AMEND

More than a year after filing her initial complaint in this action, Plaintiff moved to amend her complaint. *See* ECF No. 39. Her motion comes more than eight months after the Court set the

6

summary judgment briefing schedule, more than seven months after the deadline for any summary judgment motion, more than five months after Plaintiff had responded to Defendant's summary judgment motion, and more than three months after Plaintiff's own summary judgment motion. The timing of this motion exhibits bad faith at its worst, but the Court will not attribute the filing to bad faith. Still, the motion comes quite late given the circumstances of this case.

Plaintiff wishes to amend her constructive discharge claim because she "was forced to resign (constructive discharge) due to medical reasons, not for denial of LWOP/FMLA." ECF No. 39 at 2. She also wants to amend her complaint to allege an injury sustained in the workplace. *See id*. at 2-3. This new injury was diagnosed on February 12, 2013, and as of November 27, 2023, she is tentatively scheduled for surgery. *Id*. at 3. She underwent a spinal fusion on March 23, 2022. *Id*. She contends that allowing her amendment would not prejudice Defendant. *Id*. at 4.

Defendant argues that Plaintiff's egregious delay does create undue prejudice and the requested amendment is futile in any event. *See* ECF No. 40 at 1. The Court agrees that the attempted amendment comes much too late. Because the Court finds the delay particularly egregious in this case, "the burden shifts to the moving party to demonstrate that the delay was 'due to oversight, inadvertence or excusable neglect.'" *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992) (quoting *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. Jan. 1981)), *on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994). Plaintiff has not carried that burden.

From a procedural standpoint, furthermore, Plaintiff has failed to comply with W.D. Tex. Civ. R. 7(b) by not attaching a copy of her proposed amended complaint. Such procedural non-compliance is sufficient reason of itself to deny leave to amend. For all of these reasons, the Court denies Plaintiff leave to amend her complaint.

## V. MOTIONS FOR SUMMARY JUDGMENT

With those miscellaneous motions resolved, the Court now proceeds to the potentially

7

dispositive motions before it. Defendant has moved for summary judgment pursuant to Fed. R. Civ. P. 56. *See* ECF No. 22. It argues that Plaintiff has failed to exhaust administrative remedies on two of her claims. *See id.* at 8-10. As to her remaining claims, Defendant argues that Plaintiff has failed to establish a prima facie case of any RA violation. *Id.* at 10-21.

Plaintiff has filed an untimely response to Defendant's motion. ECF No. 24. In reply, Defendant notes the untimeliness but does not urge the Court to disregard the response. *See* ECF No. 29. Accordingly, the Court will consider the response as though Plaintiff timely filed it. To the extent Plaintiff seeks reconsideration of the dismissal of her non-RA claims; she adds nothing further to the Court's prior analysis, and the Court thus finds that the response does not alter its reconsideration ruling. The response also indicates that, not only does she oppose summary judgment for Defendant, but she moves for summary judgment for herself.

Later, Plaintiff filed her own specific motion for summary judgment. *See* ECF No. 32. She again seeks reconsideration of the dismissal of her non-RA claims. She also seeks reconsideration of the Court's denial of her motion for default judgment. In response, Defendant argues these motions are untimely and lack merit. *See* ECF No. 34. For the same reasons stated earlier regarding reconsideration, the Court finds no basis to reconsider either its earlier dismissal or its denial of default judgment.

Turning to the summary judgment motions, the Court could certainly find Plaintiff's formal motion untimely. And while Defendant raises issues that might suffice to obtain judgment as a matter of law, the undisputed facts present a glaring, unraised issue suitable for initial consideration. Both parties agree that Plaintiff was employed by the Air Force from August 13, 2012, through February 22, 2013. The events leading to this litigation thus occurred more than a decade ago.

Although the Rehabilitation Act provides no limitation period itself, courts generally

"borrow the most analogous period from state law." *Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011). The Fifth Circuit applies "Texas's two-year personal-injury limitations period" to RA claims. *Id.*; *accord*, *Bullock v. Univ. of Tex. at Arlington*, No. 22-10013, 2024 WL 637474, at *2 (5th Cir. Feb. 15, 2024). Given the undisputed facts of this case, the applicability of the two-year statute of limitations, and the various issues raised in the cross-motions for summary judgment, the Court finds the better course is to consider the dispositive issue of limitations before examining other issues. If Plaintiff's RA claims are untimely under the applicable limitations period, there is no need to consider whether Defendant is entitled to summary judgment for the reasons it asserts. Likewise, if the RA claims are untimely, Plaintiff is not entitled to summary judgment.

So long as courts provide "notice and a reasonable time to respond," Fed. R. Civ. P. 56(f) provides courts with discretionary authority to grant summary judgment "on grounds not raised by a party" or to "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Rather than apply Rule 56(f) directly, the Court will provide Defendant **until April 17, 2024**, to file a motion for summary judgment limited to whether Plaintiff's RA claims are untimely under the applicable statute of limitations. Plaintiff shall have **until May 1, 2024**, to file any response to such a motion. Plaintiff shall limit her response to the matters raised in the motion. Her response is not an opportunity for her to rehash her disagreements with prior rulings of the Court. Defendant shall have **until May 8, 2024**, to file any reply brief.

For these reasons, the Court denies all aspects of the parties' present motions for summary judgment. To the extent such motions seek summary judgment they are denied without prejudice. All other aspects are denied with prejudice. If Plaintiff's RA claims survive the limitations motion for summary judgment, the Court will set a new briefing schedule so that the parties

9

can re-assert their present summary judgment issues. In accordance with Fed. R. Civ. P. 56(g), the Court hereby states that the dates of Plaintiff's employment are not genuinely in dispute. The Court will treat such facts as established in this case.

## VI. CONCLUSION

For the foregoing reasons, the Court **DENIES** *Defendant's Motion for Summary Judgment* (ECF No. 22); **GRANTS IN PART AND DENIES IN PART** *Plaintiff's Requests of Service and Notice of Court Filings* (ECF No. 27); **DENIES** *Plaintiff's Motion for Summary Judgment, Motion to Set Aside Judgment Granted in Defendant's Motion to Dismiss and Plaintiff's Motion for Default Judgment* (ECF No. 32); **DENIES IN PART AND MOOTS IN PART** *Plaintiff's Motion to Dismiss Motion Granted in Favor of the Defendant and Plaintiff's Motion to Set Aside Deadline for Motion for Summary Judgment due to Clerical Error* (ECF No. 35); and **DENIES** *Plaintiff's Motion for Leave to Amend Complaint* (ECF No. 39). **Per the standard procedures of the Court, the Clerk of Court shall mail this order and all future court orders to Plaintiff at the address provided on the docket.**

As set out herein, the Court has established a briefing schedule for Defendant to address a potentially dispositive issue through a second motion for summary judgment. In light of the timeliness issues of Plaintiff throughout this case, the Court informs the parties that it may apply the briefing deadlines strictly and may not consider untimely filings. Of course, if a party needs additional time, the party may seek an appropriate extension of time through proper motion filed before the passing of the applicable deadline.

**IT IS SO ORDERED this 20th day of March 2024.**

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE